IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                              Criminal No. 3:22CR100

DONALD ANTHONY RODERICK,

    Petitioner.

## MEMORANDUM OPINION

Donald Anthony Roderick, a federal inmate proceeding pro se, brings this MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE BY A PERSON IN FEDERAL CUSTODY ("§ 2255 Motion," ECF No. 104). Roderick argues that he is entitled to relief on the following grounds:[1]

Claim One      "LACK OF JURISDICTION. At the time specified by the Government that the crime was committed, the Petitioner was in Poland on Temporary Change of Station Orders issued by the US Army and NATO. The Petitioner was and to date, is an active member of the Armed Forces. The Petitioner was subject to the provisions of the Military Extraterritorial Jurisdictional Act (MEJA) and should have had his case adjudicated in the Military Court, not in the District Court." (Id. at 4.)

Claim Two      "INEFFECTIVE COUNSEL. Counsel failed by (1) not researching the law and advising Petitioner of jurisdictional issues; (2) not conducting an independent

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, spelling, and spacing and removes emphasis in the quotations from Roderick's submissions.

> investigation of the evidence by refusing to look on Petitioner's cell phone for exculpatory evidence after being told the evidence existed; (3) failed to advise Petitioner of statutes allowing the use of dismissed conduct during sentence computation; (4) failing to argue for appropriate departure that was supported by evidence (USSG 5K2.10)." (Id. at 5.)

The Government filed a RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 ("Response, ECF No. 111), asserting that Roderick's claims lack merit. Roderick filed PETITIONER'S REPLY TO RESPONSE IN OPPOSITION TO VACATE UNDER 28 U.S.C. § 2255 (Reply," ECF No. 116) with exhibits, including a brief affidavit from counsel (ECF No. 116-3). For the reasons set forth below, Roderick's § 2255 Motion (ECF No. 104) will be denied.

## I.    FACTUAL AND PROCEDURAL HISTORY

On July 13, 2022, a grand jury charged Roderick with production of child pornography (Count One), and sex trafficking of children (Count Two). (ECF No. 10, at 1-2.) On October 14, 2022, a grand jury returned a Superseding Indictment charging Roderick with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count One), sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c) (Count Two); and, receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b) (Count Three). (ECF No. 40, 1-2.)

2

## A.    Guilty Plea Proceedings

On October 18, 2022, Roderick pled guilty to Count Three of the Superseding Indictment.    (ECF No. 50 ¶ 1.)    In the Plea Agreement, Roderick agreed that he was pleading guilty because he was "in fact guilty of the charged offense," "admit[ted] the facts set forth in the Statement of Facts filed with this Plea Agreement[,] and agree[d] that those facts establish guilt of the offense charged beyond a reasonable doubt." (Id. ¶ 3.) Roderick also agreed that "[t]he maximum penalties for this offense [were]: a mandatory minimum term of imprisonment of 5 years, and a maximum term of 20 years of imprisonment," (id. ¶ 1), and that he understood "that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine defendant's actual sentence in accordance with 28 U.S.C. § 3553(a)." (Id. ¶ 5.) Roderick also agreed that "any estimate of the advisory sentencing range under the [sentencing guidelines] may have received from the defendant's counsel . . . is a prediction, not a promise, and is not binding on . . . the Court." (Id.)

Further, Roderick agreed that he understood that he was waiving his right to appeal his conviction and "any sentence within the statutory maximum described above (or the manner in which that sentence was determined) . . . ." (Id. ¶ 6.) In exchange for

Roderick's guilty plea, the Government agreed to dismiss the remaining two counts against him. (Id. ¶ 8.)

In the accompanying Statement of Facts, Roderick agreed that the following facts were true and correct:

> 1.    On or about September 6, 2021, in the Eastern District of Virginia, and elsewhere, and within the jurisdiction of this Court, the defendant, DONALD ANTHONY RODERICK, knowingly received any child pornography, as defined in 18 U.S.C. § 2256(8), to wit, one or more digital files that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, and that had been shipped and transported using any means and facility of interstate and foreign commerce.
>
> 2.    On or around April 14, 2021, Minor 1's father ("Witness 1") observed Minor 1 exiting a vehicle driven by RODERICK.  In April 2021, Minor 1 was 16 years old. Because Witness 1 did not know RODERICK, Witness 1 confronted RODERICK and demanded RODERICK show his identification.  Witness 1 took a picture of RODERICK's driver's license and military identification card with Witness 1's cellular phone.  Witness 1 reported this interaction to law enforcement because Minor 1 did not have permission to be with RODERICK and Witness 1 did not know why Minor 1 was with RODERICK.
>
> 3.    Subsequent investigation revealed that RODERICK and Minor 1 met via online messaging applications earlier in 2021.  One way RODERICK and Minor 1 communicated online was using Snapchat, an online messaging platform.  RODERICK used Snapchat account "donick88" to communicate with Minor 1.
>
> 4.    Subsequent investigation also revealed that in March 2021, Minor 1 agreed to meet RODERICK in person and engage in sexual acts.  Minor 1 did, in fact, meet RODERICK in person and engage in sexual acts with RODERICK at a hotel in the Eastern District of Virginia. RODERICK paid Minor 1 in exchange for these sexual acts.
>
> 5.    After being confronted by Minor 1's father in April 2021 and after Minor 1 met with the FBI on July 16, 2021, RODERICK and Minor 1 continued to communicate via Snapchat.  On July 17, 2021, RODERICK and Minor 1 engaged in a conversation over Snapchat about how they would explain their relationship:

    a. Minor 1:    I thought of one
                        So let's say we met through me adding you randomly through snap
                        Then say you accepted because you were curious

    b. Roderick:    Ok

    c. Minor 1:    Yep%2C [sic] after that I told you some sad story about my home life out of pity

    d. Roderick:    Ok

    e. Minor 1:    Then say that you occasionally take me out to buy stuff to support my family. But you had to block me because you found out I lied.

6.    On September 6, 2021, RODERICK received two images and one video over Snapchat from Minor 1. The video depicted Minor 1 masturbating using a furry animal paw glove. The video constituted child pornography under 18 U.S.C. § 2256(8), and at this time, RODERICK knew that Minor 1 was under the age of 18. Minor 1 was located in the Eastern District of Virginia on September 6, 2021.

7.    This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United Sates. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

8.    The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

(ECF No. 48 (alteration in original).)

The Report and Recommendation reflected that, during the Rule 11 hearing, the Magistrate Judge found that Roderick understood the maximum possible penalties for the charge, that the Court "has

jurisdiction and authority to impose any sentence within the statutory maximums provided; can reject the parties' stipulations as to . . . sentencing factors . . . [and] may impose a sentence above or below the advisory sentencing range. (ECF No. 51 ¶¶ 3, 4.) The Magistrate Judge found that Roderick's guilty plea was knowing and voluntary with an independent basis of fact to support the plea and accepted the plea. (Id. at 3.) On November 9, 2022, the Court adopted the Report and Recommendation and found Roderick guilty of Count Three. (ECF No. 58.)

**B. Sentencing Proceedings**

After Roderick's guilty plea, a Pre-Sentence Investigation Report ("PSR") was prepared. (ECF No. 72.) Roderick's Base Offense Level was 32, because "[p]ursuant to the cross reference at U.S.S.G. § 2G2.2(c)(1), 2G2.1 is used to determine the offense level because it results in a higher offense level." (Id. ¶ 25.) Two levels were added pursuant to U.S.S.G. § 2G2.1(b)(2)(A) because the "offense involved the commission of a sexual act or sexual conduct," and an additional two levels were added pursuant to U.S.S.G. 2G2.1(b)(6)(B)(i) and (ii) because the offense involved the use of a computer or interactive computer service to entice a minor to engage in sexually explicit conduct. (Id. ¶¶ 26-27.) With a three-point reduction for acceptance of responsibility (id. ¶¶ 33-34), Roderick's total offense level was 33. (Id. ¶ 35.) Roderick had no prior convictions, therefore his Criminal History

Category was I.  (Id. ¶ 81.)  Roderick's sentencing guidelines range was 135 to 168 months of incarceration.  (Id.)

Roderick's counsel initially objected to "application of the cross reference pursuant to U.S.S.G. § 2G2.2(c)(1)," but "withdrew her objection because there is one video that Mr. Roderick created on October 3, 2021 on his device.  The video is a screen recording of Minor 1 masturbating while the other two are messaging remotely on a video call."  (ECF No. 72, at 21.)  Counsel also filed a MOTION FOR VARIANCE SENTENCE seeking a 70-month sentence, based on a "four-level downward variance (once adjusted downward by two-levels due to the unawarranted use of a computer enhancement) [that] would result in an offense level of 27, which at criminal history category 1 yields a guideline range of 70 to 87 months in prison." (ECF No. 74, at 17; ECF No. 86, at 17.)  Amongst other reasons for a variant sentence, counsel argued that the Court should vary or downwardly depart under U.S.S.G. § 5H1.11 for Roderick's military service.  (ECF No. 74, at 16-17; ECF No. 86, at 16-17.)

Counsel subsequently filed an OBJECTION TO MATERIAL FACT IN PRESENTENCE REPORT objecting to some of the victim's statements in the PSR.  (ECF No. 85.)

During sentencing, the Court sustained the OBJECTION TO MATERIAL FACT IN PRESENTENCE REPORT, and granted in part and denied in part, the MOTION FOR VARIANCE SENTENCE.  (ECF No. 92, at 1.)

7

On June 24, 2023, the Court entered judgment and sentenced Roderick to 108 months of incarceration, which was well below the applicable guideline range of 135 to 168 months.  (ECF No. 96, at 2.)[2]

Roderick did not appeal.  On October 23, 2023, the Court received the instant § 2255 Motion.  (ECF No. 104.)

## II.  CLAIM BARRED FROM REVIEW

In Claim One, Roderick states:

> LACK OF JURISDICTION.  At the time specified by the Government that the crime was committed, the Petitioner was in Poland on Temporary Change of Station Orders issued by the US Army and NATO.  The Petitioner was and to date, is an active member of the Armed Forces.  The Petitioner was subject to the provisions of the Military Extraterritorial Jurisdictional Act (MEJA) and should have had his case adjudicated in the Military Court, not in the District Court.

(ECF No. 104, at 4.)    The Government correctly asserts that Claim One is procedurally defaulted and barred from review here. The procedural default rule bars Claim One, absent a showing of cause and prejudice or actual innocence, because Roderick could have raised, but failed to raise, this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); see also Linder v. United States, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from

---

[2] An Amended Judgment and Second Amended Judgment were later filed, but the imposed 108-month sentence remained intact.  (See ECF No. 98, 102.)

filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal"). Roderick offers no cause and prejudice for the default of his claim, and he does not otherwise demonstrate that actual innocence excuses his default.[3] Thus, Claim One is procedurally defaulted and is barred from here. Accordingly, Claim One will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

#### A.   Applicable Law

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show

---

[3] Roderick does not allege that counsel failed to raise this issue on appeal. At most, Roderick faults his counsel for not knowing and arguing that the Court purportedly lacked jurisdiction under 18 U.S.C. § 3261(d) before he entered his guilty plea (ECF No. 105, at 5), a fact that counsel admits in her affidavit. The Court discusses that claim below, and finds it lacks merit.

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.    A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.    In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.    Id. at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of Strickland to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Any assertion by Roderick that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue.    See United States v. Mora-Gomez, 875 F. Supp. 1208, 1214 (E.D. Va. 1995).    Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing Hill, 474 U.S. at 59-60).    The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty.    See id. at 369-70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (alteration in original) (internal quotation marks and citations omitted). Accordingly, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

B.    Pre-Guilty Plea Claims

    1.    Jurisdictional Issues (Claim Two (1))

In Claim Two (1), Roderick faults counsel because she failed by "not researching the law and advising Petitioner of

11

jurisdictional issues." (ECF No. 104, at 5.) As alleged in Claim One, Roderick believes that

> [a]t the time specified by the Government that the crime was committed, the Petitioner was in Poland on Temporary Change of Station Orders issued by the US Army and NATO. The Petitioner was and to date, is an active member of the Armed Forces. The Petitioner was subject to the provisions of the Military Extraterritorial Jurisdiction Act (MEJA) and should have had his case adjudicated in the Military Court, not in the District Court.

(Id. at 4.) Roderick contends that the Court "adjudicated his case when [it] was statutorily prohibited from doing so by MEJA 18 U.S.C. § 3261(d)." (ECF NO. 105, at 5.) Roderick believes that counsel should have been aware of this alleged jurisdictional issue because he was a member of the armed forces and advised Roderick on the issue. (Id.) However, Roderick's underlying argument is unpersuasive because he was not charged or prosecuted under § 3621.

Under 18 U.S.C. 3261(a), or the Military Extraterritorial Jurisdiction Act (MEJA), federal civilian courts may prosecute a defendant for crimes committed abroad even if they did not occur in the special maritime and territorial jurisdiction of the United States. The section permits prosecuting:

> Whoever engages in conduct outside the United States that would constitute an offense punishable by imprisonment for more than 1 year if the conduct had

12

been engaged in within the special maritime and
territorial jurisdiction of the United States-

> (1) while employed by or accompanying the
> Armed Forces outside the United States; or
> (2) while a member of the Armed Forces subject
> to chapter 47 title 10 (the Uniform Code of
> Military Justice) . . . .

18 U.S.C. § 3261(a). However, a prosecution is impermissible under
§ 3261(a) against a service member if the defendant remains under
court-martial jurisdiction. See id. § 3261(d). Roderick cites
§ 3261(d) for the proposition that this Court lacked jurisdiction
over his case. That section provides:

> (d) No prosecution may be commenced against a member of
> the Armed Forces subject to chapter 47 or title 10 (the
> Uniform Code of Military Justice) under this section
> unless--
>
> (1) such member ceases to be subject to such chapter;
> or
> (2) an indictment or information charges that the
> member committed the offense with one or more other
> defendants, at least one of whom is not subject to such
> chapter.

18 U.S.C § 3261(d). Roderick's argument that this Court lacked
jurisdiction under § 3261(d) is fundamentally flawed. Simply put,
Roderick was not charged under 18 U.S.C. § 3261. Instead, he was
charged solely under 18 U.S.C. § 2252A(a)(2)(A). Thus, the
limitation identified in § 3621(d) would not apply to him.
Therefore, Roderick fails to demonstrate any prejudice from
counsel's failure to research the alleged jurisdictional issue he
advances here. Moreover, as explained previously, Roderick fails

13

to show that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In sum, Roderick shows no prejudice from counsel's alleged error and Claim Two (1) will be dismissed.[4]

### 2. Investigation Of Evidence (Claim Two (2))

In Claim Two (2), Roderick faults counsel for "not conducting an independent investigation of the evidence by refusing to look on Petitioner's cell phone for exculpatory evidence after being told the evidence existed." (ECF No. 104, at 5.) Roderick fails to identify what this allegedly exculpatory evidence is in his § 2255 Motion. Therefore, on the face of his § 2255 Motion,

---

[4] Roderick also seemingly suggests that the Government was required to charge him under § 3261 because he was in Poland at the time of the crime and the conduct did not occur in the territorial jurisdiction of the United States. This argument would be waived by his validly entered plea. Roderick agreed in his Plea Agreement that the facts were sufficient to establish that he was guilty of 18 U.S.C. § 2252A(a)(2)(A), including that the conduct occurred within territorial jurisdiction of the United States. Although it is true that subject-matter jurisdiction can never be waived, Gonzalez v. Thaler, 565 U.S. 134, 141 (2012), Roderick's real challenge is not to the subject-matter jurisdiction of the Court. Whether the conduct occurred within the territorial jurisdiction of the United States was an element of the offense and was not a jurisdictional issue despite Roderick's attempt to cast it as such. See United States v. Moran, 70 F.4th 797, 802 (explaining that "subject matter jurisdiction" is different than a "jurisdictional element" of an offense which is "the power of Congress to regulate he conduct at issue, not the jurisdiction of the court to hear a particular case" (citation omitted)).

Roderick fails to demonstrate any deficiency of counsel or resulting prejudice. Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (finding no ineffective assistance where petitioner failed to allege "what an adequate investigation would have revealed"); Sanders v. United States, 373 U.S. 1, 19 (1963) (denial of habeas relief appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations").

After the Government noted the deficiency in Roderick's § 2255 Motion, Roderick, in his Reply, identified the "exculpatory" evidence as

> copies of the petitioner's military orders placing him in Poland during the time declared in Count Three . . . , images (screen shots) of I.D.s that were provided to the petitioner during his encounters with people he met on the same dating application where he met the "victim"; and message threads and application date that would have shown the petitioner did not know the victim was under the age of 18.

(ECF No. 116, at 6.) To the extent that this expanded claim could be considered as properly before the Court,[5] Roderick fails to demonstrate any deficiency of counsel or resulting prejudice. It was not contested that Roderick was stationed in Poland at the

---

[5] "[I]t is axiomatic that a [petition] may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a [petition] at will, even without filing an amendment, and simply by raising a point in a brief." Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (internal citations omitted) (internal quotation marks omitted). Roderick's claim as alleged in his § 2255 is entirely deficient. Nevertheless, even generously construing this expanded claim, it is evident that it lacks merit.

time he received the child pornography, thus counsel cannot be faulted for failing to obtain these records.

Second, the Court fails to discern why counsel was deficient for failing to obtain online message threads that would purportedly show that Roderick was not aware that the victim was under 18. Roderick was not only engaged with the victim online but met the victim in person and had a reasonable opportunity to observe him and his age, which is sufficient to establish that Roderick was aware that he was under 18. Cf. United States v. Duong, 848 F.3d 928, 934 (10th Cir. 2017) (explaining that one way to show mens rea with respect to age is when "Defendant[] had a reasonable opportunity to observe [him]"). Moreover, the victim told investigators that he told Roderick "his real age, 16 years old, because that usually drove people away;" however, this had the opposite effect with Roderick who then "offered him so much money due to [the victim's] age." (See ECF No. 3 ¶ 31.) On the record, even if counsel had obtained online messages to show that Roderick believed that the victim was 18 at some point, that evidence would not have been exculpatory. Counsel cannot be faulted for failing to investigate this evidence from Roderick's phone. Roderick also fails to show that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

16

Because Roderick shows neither deficiency of counsel, nor resulting prejudice, Claim Two (2) will be dismissed.

### C.    Sentencing-Related Claims

#### 1.    Use Of Relevant Conduct (Claim Two (3))

In Claim Two (3) as presented in the §2255 Motion, Roderick contends that counsel rendered ineffective assistance when she "failed to advise Petitioner of statutes allowing the use of dismissed conduct during sentence computation." (ECF No. 104, at 5.) In his MEMORANDUM OF LAW, Roderick raises an entirely different claim with Claim Two (3), arguing that he "entered into a plea agreement unknowingly and unintelligently because counsel failed to inform him of USSG § 6B1.6, which allows the use of relevant conduct related to charges not pursued or dismissed as part of a plea agreement to still be used in the determination of the sentence." (ECF No. 105, at 5-6.)[6]

As a preliminary matter, U.S.S.G. § 6B1.6 does not exist; therefore, it is unclear how counsel can be faulted for not making Roderick aware of a non-existent sentencing guideline. In his Reply, Roderick clarifies that his claim is under "U.S.S.G. § 6B1.2 (Standards for Acceptance of Plea Agreements (Policy Statement)"

---

[6] To the extent that Roderick attempts to argue that his plea was involuntary that claim is procedurally defaulted because Roderick could have raised, but failed to raise, this claim on direct appeal. See Bousley, 523 U.S. at 622-23; Frady, 456 U.S. at 167-68; see also Linder, 552 F.3d at 397. Moreover, the record reflects that Roderick's plea was both knowing and voluntary.

and that his "actual claim is that counsel failed to inform him that by accepting the plea agreement for Count Three he would possibly (actually) take a punishment for Counts One and/or Two, waiving his right to due process under the law for those two counts." (ECF No. 116, at 6.) Roderick further claims that he "was not informed that conduct alleged in Counts One and/or Two could be used for sentencing," and that had he "been informed by counsel he would have taken his case to trial or furthered plea negotiations . . . ." (Id. at 7.) Roderick's contentions here are belied by the record and are wholly incredible. Blackledge, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Contrary to the assertion that Roderick makes now, he specifically agreed, in the Plea Agreement, that he could be sentenced up to the maximum sentence of twenty years. Roderick also agreed that he understood "that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine defendant's actual sentence in accordance with 28 U.S.C. § 3553(a)." (ECF No. 50 ¶ 5.) During the Rule 11 hearing, Roderick agreed under penalty of perjury that he understood that he could not withdraw his guilty plea unless he provided a "fair and just reason," a very high

standard to meet.  (Oct. 18, 2022 Tr. 2:23:32-33.)  The Magistrate Judge explicitly informed Roderick that receiving a higher sentence than he expected would not be a valid reason to withdraw his plea.  Roderick agreed that he understood.  (Oct. 18, 2022 Tr. 2:23:34-54.)

Roderick agreed that the Plea Agreement did not set forth a particular sentence, meaning that he must accept any sentence imposed by the district court within the maximum penalty permitted by statute as long as his guilty plea was freely and voluntarily entered and based on a sufficient factual basis.  (Oct. 18, 2022 Tr. 2:31:57-2:32:20.)  Roderick agreed that he was giving up his right to appeal his sentence, even if he believed that the district court erred in deciding what facts applied under the sentencing guidelines or his sentence was higher than the sentence recommended by the probation officer, his attorney, or the Government so long as that sentence was within the statutory maximum.  (Oct. 18, 2022 Tr. 2:32:22-59.)  Roderick agreed that he had discussed with his attorney how his sentence would be determined including that the district judge would be guided by the advisory guidelines range, and Roderick indicated that he understood that in order to arrive at that range the sentencing guidelines would factor in the nature and circumstances of the offense, his criminal history, and "other relevant conduct whether or not its included in the Statement of Facts."  (Oct. 18, 2022 Tr. 2:40:22-2:41:00 (emphasis added).)

Roderick agreed that no one could predict the sentence the district court would impose or what sentencing guidelines range may apply and that any estimate was not a promise and was not a representation on which he could rely in entering his guilty plea. (Oct. 18, 2022 Tr. 2:42:10-39.)

The Magistrate Judge found that Roderick's guilty plea was knowing and voluntary and supported by an independent basis of fact and accepted the plea. (Oct. 18, 2022 Tr. 2:44:12-40.)

Roderick now contends that counsel failed to inform him that relevant conduct could be used by the Court in fashioning an appropriate sentence, and that, but for this error of counsel, he would not have pleaded guilty but would have proceeded to trial. Roderick's claim is foreclosed by the Court's statements and his own during the Rule 11 hearing. Roderick was clearly not prejudiced by any alleged misinformation or omission of counsel. Even if counsel had not explained that conduct from dismissed counts could be used in devising his advisory guidelines range, which is highly doubtful, the Court remedied any alleged omission by expressly informing Roderick that relevant conduct would be considered, and that he could receive up to twenty years of incarceration. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (explaining that "if the trial court properly informed [petitioner] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided

him"). Roderick's statement now that he did not understand that relevant conduct from dismissed counts could be used in calculating his sentence is also "palpably incredible" in light of his sworn statements during the Rule 11 hearing that he understood that this conduct could be used, and he could receive up to twenty years. Lemaster, 403 F.3d at 222. Moreover, Roderick was sentenced to 108 months, well below the statutory maximum of twenty years, and below the maximum sentence Roderick was informed he could receive. See Foster, 68 F.3d at 88. Because Roderick has failed to demonstrate any prejudice from counsel's alleged error, Claim Two (3) lacks merit and will be dismissed.

### 2. Failure To Request A Departure (Claim Two (4))

In Claim Two (4), Roderick argues that counsel rendered ineffective assistance of counsel by "failing to argue for appropriate departure that was supported by evidence (USSG 5K2.10)." (ECF No. 104, at 5.) Roderick contends that the victim "lied about his age," and "scammed" him, and "if not for the victim's criminal conduct, Roderick would not been a party to any criminal activity," therefore, "counsel should have moved for a departure under USSG [§] 5K2.10 based on the victim's conduct." (ECF No. 105, at 6.) However, counsel actually made this argument in the MOTION FOR VARIANCE SENTENCE. (See ECF No. 86.) Counsel argued that the victim misrepresented his age on dating apps, that the victim told Roderick that he was about to start college, and

21

indicated that he had moved to Maine. (Id. at 3-5.) Although this argument came in the form of motion for a variance instead of a request for a downward departure, that was irrelevant because the Court heard this information and factored it into its sentence. See United States v. Spencer, 848 F.3d 324, 328 (4th Cir. 2017) (explaining that the "practical effects of applying either a departure or variance are the same" (citing United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir 2011))). Roderick cannot show that if counsel had instead presented this information as a departure, instead of as a variance, his resulting sentence would have been any different. Accordingly, Roderick fails to show any deficiency of counsel or resulting prejudice and Claim Two (4) will be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, Roderick's claims will be dismissed. Roderick's § 2255 Motion (ECF No. 104) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Roderick and counsel of record.

It is so ORDERED.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 2l , 2025